UNITED STATES DISTRICT COURT
SOUTERN DISTIRCT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME JIMENEZ AND GREGORIA JIMENEZ | § § § | |
| Plaintiffs, | § § | |
| V. | § § | |
| | § | CIVIL ACTION NO. 4:10-CV-4385 |
| ALLSTATE TEXAS LLOYD'S, PILOT CATASTOPHE SERVICES, INC., and BRONWYN C. DODSON, | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint ("Motion"). (Doc. No. 28.) After considering the Motion, all responses and replies thereto, and the applicable law, the Court determines that the Motion must be **DENIED.**

### I. BACKGROUND

This case arises out of an insurance dispute based on claims for damages during Hurricane Ike. In September 2010, Jaime Jimenez and Gregoria Jimenez ("Plaintiffs") filed a suit against Defendants in state district court alleging breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, fraud, and conspiracy to commit fraud. The case was removed to this court in November 2010.

According to Plaintiffs, after receiving discovery from Defendants, they discovered the identities of the individual adjusters who reviewed their insurance claims. Plaintiffs now seek leave to amend their complaint to add these individual adjusters.

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that courts should freely grant leave to amend when justice so requires. Rule 15(a) "evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). Leave to amend is not automatic, however. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc*, 283 F.3d 282, 286 (5th Cir. 2002). Nonetheless, the Court "must have a 'substantial reason' to deny a request for leave to amend." *Id.* (quoting *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985)).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When Plaintiffs seek leave to amend to add a nondiverse, nonindispensible party, however, this Court must examine factors outlined in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). The Court should use its discretion and scrutinize the amendment more closely than it would an ordinary amendment, as granting leave would defeat Defendants' interest in a federal forum. *Id.* at 1182. Specifically, this Court should consider "1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; 2) whether the plaintiff has been dilatory in asking for an amendment; 3) whether the plaintiff will be significantly injured if the amendment is not allowed; and 4) any other factors bearing on the equities." *Hawthorne Land Co. v. Occidental Chemical Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (citing *Hensgens*, 833 F.2d at 1182).

### III. APPLICATION

Based on the *Hensgens* factors, the Court determines that Plaintiffs' request for leave to amend should be denied.

### A. Extent to Which Purpose of Amendment is to Defeat Federal Jurisdiction

In determining whether a plaintiff's purpose is to defeat federal jurisdiction, courts consider whether the plaintiff states a potentially valid claim. *Bonilla v. Am. Servicing Co.*, No. H–11–1974, 2011 WL 3882280, at *3 (S.D. Tex. Sept. 2, 2011); *see also Loewe v. Singh*, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010) ("'[C]ourts have also recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction.'" (quoting *Schindler v. Charles Schwab & Co., Inc.*, No. Civ. A. 05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2006))); *Martinez v. Holzknecht*, 701 F.Supp.2d 886, 889 (S.D. Tex. 2010); *Smith v. Robin Am., Inc.*, 2009 WL 2485589, at *5 (S.D. Tex. Aug. 7, 2009). Courts also consider whether a plaintiff knew or should have known of the nondiverse defendant's identity and activities when the state court petition was filed. *Kopczynski v. Wal-Mart Stores Texas, LP*, No. H-10-4507, 2011 WL 902237, at *3 (S.D. Tex. March 14, 2011); *Loewe*, 2010 WL 3359525, at *2; *Martinez*, 701 F.Supp.2d at 889; *Multi-Shot, LLC v. B & T Rentals, Inc.*, No. H-09-3283, 2010 WL 376373, at *9 (S.D. Tex. Jan. 26, 2010) (quoting *Tomlinson v. Allstate Indem. Co.*, No. Civ. A. 06-0617, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006)); *Irigoyen v. State Farm Lloyds*, No. 03-0324, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004); *In re Norplant Contraceptive Prod. Liab. Litig.*, 898 F.Supp. 429, 432 (E.D. Tex. 1995).

Plaintiffs allege that they did not know the identities of the individual adjusters when they filed their action in state court, and Defendants do not dispute this fact. Furthermore, as Plaintiffs point out, the Texas Supreme Court has specifically held that

adjusters are subject to the Texas Insurance Code. *See Johnson v. Zurich Am. Ins. Co.*, No. 3:11-CV-0344-P, 2011 WL 3111919, at *3 (N.D. Tex. June 29, 2011); *Campos v. Am. Bankers Ins. Co. of Florida*, 2010 WL 2640139, at *5 (S.D. Tex. June 30, 2010). *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998). The first factor therefore weighs in favor of granting Plaintiffs leave to amend.

### B. Whether Plaintiff Has Been Dilatory in Asking for Amendment

Given that several months have passed between the notice of removal and the motion for leave to amend, the Court finds that Plaintiffs have been dilatory. *Kopczynski*, 2011 WL 902237, at *7 ("When courts consider whether a plaintiff has been dilatory under the second *Hensgens* factor, they generally scrutinize the amount of time that passed between the filing of the original petition and the motion for leave to amend and between the notice of removal and the motion for leave to amend."). In addition, as Defendants point out, Defendants have invested time and resources in this lawsuit. *Loewe*, 2010 WL 3359525, at *2; *Martinez*, 701 F.Supp.2d at 890; *Smith*, 2009 WL 2485589, at *6; *Schindler*, 2005 WL 1155862, at *4. The Court therefore finds that prong two weighs in favor of denying Plaintiffs' Motion.

### C. Whether Plaintiff Will Be Significantly Injured if Amendment is Not Allowed

When analyzing the third factor, courts consider, among other things, "'whether a plaintiff can be afforded complete relief in the absence of the amendment.'" *Loewe*, 2010 WL 3359525, at *3 (quoting *Jerido v. Am. Gen. Life & Acc. Ins. Co.*, 127 F.Supp.2d 1322, 1325 (M.D. Ala. 2001)); *Schindler*, 2005 WL 1155862, at *4. Courts also

4

determine whether, if the amendment is denied, plaintiffs will be forced to litigate their actions against the defendants they seek to add in state court. *Bonilla*, 2011 WL 3882280, at \*5; *Loewe*, 2010 WL 3359525, at \*3; *Schindler*, 2005 WL 1155862, at \*4. *But see Martinez*, 701 F.Supp.2d at 891.

Plaintiffs allege that they will be injured if they are unable to pursue their causes of action against the adjusters. Plaintiffs provide no support for this statement, however, and the Court is not convinced. Defendants will likely be able to fully satisfy any judgment. *Irigoyen*, 2004 WL 398553, at \*5; *Gallegos v. Safeco Insurance Company of Indiana*, 2009 WL 4730570, at \*5 (S.D. Tex. Dec. 7, 2009). Furthermore, as Defendants observe, Plaintiffs face significant barriers to stating a claim upon which relief can be granted against the individual adjusters. *Gallegos*, 2009 WL 398553, at \*5. Given these hurdles, it is doubtful that there will be parallel state proceedings if the motion for leave to amend is denied. *Id.* The Court concludes that Plaintiffs would not be significantly prejudiced if they are denied leave to amend.

### D. Any Other Facts Bearing on the Equities

Under the fourth factor, courts consider, among other things, defendants' interest in choice of forum. *Multi-Shot, LLC*, 2010 WL 376373, at \*10; *Smith*, 2009 WL 2485589, at \*6. The parties have not provided evidence of other factors bearing on the equities. Therefore, the court finds that this prong weighs slightly in favor of Defendants.

### E. Conclusion

Examining the *Hensgens* factors, the Court finds that they ultimately tip the balance in favor of Defendants. Plaintiffs delayed seeking leave to amend, and Plaintiffs will not be greatly harmed if they are denied the opportunity to amend. Defendants, in

contrast, will be harmed if amendment is granted, given that Defendants have already invested resources in litigating this matter in federal court. The Court therefore finds that Plaintiffs' Motion should be denied.

### IV. CONCLUSION

For the reasons explained above, the Court **DENIES** Plaintiffs' Motion.


**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 7th day of November, 2011.


**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**