UNITED STATES DISTRICT COURT
SOUTERN DISTIRCT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAIME JIMENEZ AND GREGORIA JIMENEZ, § § § | |
| Plaintiffs, § § | |
| V. § § § | CIVIL ACTION NO. 4:10-CV-4385 |
| ALLSTATE TEXAS LLOYD'S, PILOT CATASTOPHE SERVICES, INC., and BRONWYN C. DODSON, § § § § § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion for Partial Dismissal of Plaintiffs' Original Petition ("Motion"). (Doc. No. 45.) After considering the Motion, all responses and replies thereto, and the applicable law, the Court concludes that the Motion should be **GRANTED**.

### I.    BACKGROUND[1]

Jaime Jimenez and Gregoria Jimenez ("Plaintiffs") are the owners of a Texas Homeowner's Insurance Policy ("the Policy"), which was issued by Allstate Texas Lloyd's ("Allstate"), insuring their property ("the Property"). In September 2008, the Property was severely damaged by Hurricane Ike. Specifically, Plaintiffs' roof sustained extensive damage, and water leakage through the roof caused additional damage to their home's foundation, ceilings, walls, siding and sheetrock. After the storm, Plaintiffs filed a claim with Allstate pursuant to the Policy to cover the damage. Allstate assigned Pilot Catastrophe Services, Inc. ("Pilot") to adjust the claim. In turn, Bronwyn C. Dodson

---

[1] All facts are taken from Plaintiffs' Original Petition. (Doc. No. 45-2.)

1

("Dodson") was assigned as the individual adjuster on Plaintiffs' claim. Dodson conducted a substandard inspection which failed to include all damages and which severely undervalued the actual damage. As a result, Plaintiffs' claim was underpaid, and they have yet to be fully compensated for the damage to their home by Allstate. Plaintiffs filed this lawsuit against Allstate, Pilot, and Dodson (collectively, "Defendants") for violations of the Texas Insurance Code, fraud, conspiracy to commit fraud, breach of contract, and breach of the duty of good faith and fair dealing. Defendants then filed this Motion, seeking dismissal of Plaintiffs' non-contractual claims.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), a defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, No. 05-30976, 2006 WL 2870972, at *2 (5th Cir. Oct. 9, 2006) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1203 (3d ed. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.

2

Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950. The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

Allegations of fraud, however, must meet the stricter standards of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "'At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the

misrepresentation and what he obtained thereby.'" *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). The Fifth Circuit has explained that "Rule 9(b) requires 'the who, what, when, where, and how' [of the alleged fraud] to be laid out." *Id.* (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). "'A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6).'" *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 n.8 (5th Cir. 2009) (quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997)).

Rule 9(b)'s particularity requirement is "supplemental to the Supreme Court's recent interpretation of Rule 8(a) requiring enough facts [taken as true] to state a claim to relief that is plausible on its face." *Id.* at 185 (quotations and footnote omitted). Thus Rule 9(b) "requires only simple, concise, and direct allegations of the circumstances constituting fraud, which after *Twombly* must make relief plausible, not merely conceivable, when taken as true." *Id.* at 186 (internal quotations omitted). The requirements of Rule 9(b) also "apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998) (quotations omitted).

### III. ANALYSIS

The Court concludes that none of Plaintiffs' non-contractual claims survives the Motion to Dismiss. However, the Court will grant Plaintiffs leave to amend their Original Petition to cure the deficiencies described below.

4

### A. Fraud and Conspiracy to Commit Fraud

Plaintiffs do not meet the heightened pleading demands of Rule 9(b) for their fraud and conspiracy to commit fraud claims. The elements of fraud are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Potter*, 607 F.3d at 1032. Plaintiffs do not provide information about what the "representations" were, or as to the time, place, and contents of those representations. *Benchmark Elec., Inc.*, 343 F.3d at 724. As Plaintiffs do not meet the heightened pleading requirements, their fraud claim must be dismissed. Similarly, for their conspiracy to commit fraud claim to survive, Plaintiffs "must 'plead with particularity the conspiracy as well as the overt acts … taken in furtherance of the conspiracy.'" *Kanneganti*, 565 F.3d at 193 (quoting *FC Inv. Group LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1097 (D.C. Cir. 2008)). Plaintiffs recite the elements of a conspiracy claim without providing particular details. Therefore, Plaintiffs' conspiracy to commit fraud claim does not survive the Motion to Dismiss.

### B. The Texas Insurance Code

Plaintiffs allege Defendants violated Texas Insurance Code §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(7), 541.060(a)(4), 542.055, 542.056, and 542.058.

    i.  *Texas Insurance Code § 541.060*

Plaintiffs claim that Defendants violated multiple provisions of Texas Insurance Code § 541.060. First, Plaintiffs claim that Defendants "misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence," in violation of § 541.060(a)(1). (Pet. ¶ 21.) That provision states that "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to ... misrepresent[] to a claimant a material fact or policy provision relating to coverage at issue." Tex. Ins. Code § 541.060(a)(1). As this provision concerns reliance on material misrepresentations, its gravamen is fraud. *Potter*, 607 F.3d at 1032. Therefore, Plaintiffs are required to meet the heightened pleading requirements of Rule 9(b). Plaintiffs offer no information as to "'the who, what, when, where, and how'" of the misrepresentations. *Benchmark Electronics, Inc.*, 343 F.3d at 724 (quoting *Williams*, 112 F.3d at 177). Therefore, Plaintiffs' claims for violations of § 541.060(a)(1) fail.

In contrast, Plaintiffs' other claims under § 541.060 do not need to meet the requirements of Rule 9(b). Plaintiffs allege that Defendants violated § 541.060(a)(2)(A) because they "failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy." (Pet. ¶ 22.) That section prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of ... a claim with respect to which the insurer's liability has become reasonably clear." Plaintiffs' claim under § 541(a)(2)(A) does not rest on allegations of fraud; as such, Plaintiffs need only meet the pleading requirements of Rule 8(a). Plaintiffs offer no facts supporting their allegations that Defendants failed to effectuate a settlement

6

in good faith, however. Instead, Plaintiffs merely provide conclusory allegations. Therefore, Plaintiffs do not state a plausible claim for relief under § 541(a)(2)(A).

Next, Plaintiffs argue that Defendants violated § 541.060(a)(3), which states that "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to … fail[] to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." Fraud is not the gravamen of this claim. Thus Plaintiffs do not need to meet the heightened pleading requirements of Rule 9(b). Plaintiffs state that Defendants "failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made" and "did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim." (Pet. ¶ 23.)  Plaintiffs offer no facts to support these conclusory allegations. Therefore, Plaintiffs' claim under § 541.060(a)(3) should be dismissed.

Plaintiffs further allege that Defendants "refused to fully compensate Plaintiffs, under the terms of the Policy, even though [Defendants] failed to conduct a reasonable investigation." (Pet. ¶ 25.) Specifically, Plaintiffs assert, Defendants "performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property." (*Id.*) As a consequence, Plaintiffs aver, Defendants violated Texas Insurance Code § 541.060(a)(7). That section prohibits refusal to pay a claim without conducting a reasonable investigation with respect to that claim. Plaintiffs need not meet the requirements of Rule 9(b), as §

541.060(a)(7) is not substantively based on fraud. Plaintiffs do not offer facts showing that Defendants' investigation was unreasonable, however. Their threadbare allegations are insufficient to meet the requirements of Rule 8(a). Plaintiffs' claim under § 541.060(a)(7) must be dismissed.

Plaintiffs' remaining claim under § 541.060, although not subject to the requirements of Rule 9(b), does not survive the Motion to Dismiss. Plaintiffs allege that Defendants "failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time," in violation of § 541.060(a)(4). (Pet. ¶ 24.) This claim is not based on fraud, and therefore must be held to only the standard of Rule 8(a). Plaintiffs assert that they "did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants." (*Id.*) Yet Plaintiffs present no facts suggesting that Defendants failed to affirm or deny coverage within a reasonable time. Therefore, Plaintiffs' claim under § 541.060(a)(4) does not survive the Motion to Dismiss.

      ii.   *Texas Insurance Code § 542.055*

Plaintiffs further allege that Allstate violated § 542.055, which concerns receipt of notice of a claim. Specifically, Plaintiffs state: "Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim." (Pet. ¶ 26.) This provision does not rest on substantive allegations of fraud, as it does not involve reliance on material misrepresentations. Nonetheless, Plaintiffs fail to meet the lower pleading requirements of Rule 8(a). Plaintiffs do not offer any facts supporting their conclusory assertions that

8

Allstate did not timely acknowledge their claim or timely begin investigation of their claim. Nor do Plaintiffs provide facts suggesting that Allstate failed to request all information reasonably necessary to investigate Plaintiffs' claim. Such threadbare allegations cannot survive the Motion to Dismiss.

### iii.   Texas Insurance Code § 542.056

Plaintiffs claim that Allstate violated Texas Insurance Code § 542.056 by failing "to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information." (Pet. ¶ 27.) As this provision does not require fraudulent conduct, Plaintiffs need only meet the pleading requirements of Rule 8(a). Yet Plaintiffs have not provided any facts to support their claim. In fact, there are no details as to the length of time between their submissions and Defendants' response. Therefore, this claim must fail.

### iv.   Texas Insurance Code § 542.058

Finally, Plaintiffs allege that Allstate violated Texas Insurance Code § 542.058, which concerns delays in payments of claims. Specifically, that section states that "if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060." Tex. Ins. Code § 542.058(a). The gravamen of this section is not fraud, as it requires only that a defendant wrongfully reject a claim. *See Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F.Supp.2d 938, 964 (E.D. Tex. 2011). Therefore Plaintiffs need only meet the requirements of Rule 8(a). Plaintiffs state that Allstate "has delayed full

payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim." (Pet. ¶ 28.) Yet again, Plaintiffs have not provided facts to support their conclusory allegations. Considering these allegations in the light most favorable to Plaintiffs, they do not satisfy Rule 8(a).

### C. Duty of Good Faith and Fair Dealing

Plaintiffs allege that Allstate breached its common law duty of good faith and fair dealing. Specifically, Plaintiffs aver, "Allstate has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment." (Pet. ¶ 29.) Furthermore, Plaintiffs contend, "the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear." (*Id.*) "An insurer has a common law duty to deal fairly and in good faith with its insured in the processing and payment of claims." *Aleman v. Zenith Ins. Co.*, 343 S.W.3d 817, 822 (Tex.App-El Paso 2011) (citing *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995)). An insurer breaches this duty if it denies a claim when it knows or should know that it is reasonably clear the claim is covered. *Id.* (citing *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997)). The duty is also breached if an insurer fails to reasonably investigate a claim. *Id.* (citing *Giles*, 950 S.W.2d at 56). Plaintiffs need only meet the requirements of Rule 8(a), as the duty of good faith and fair dealing is not substantively based on fraud. Yet Plaintiffs plead no facts to support their conclusory allegations. Therefore, Plaintiffs' claims for breach of the common law duty of good faith and fair dealing must be dismissed.

### IV. CONCLUSION

For the above stated reasons, Defendants' Motion to Dismiss is **GRANTED**. However, Plaintiffs are granted leave to amend their complaint, to address the deficiencies explained above, by March 1, 2012.

**IT IS SO ORDERED.**

**SIGNED** on this the 1st day of February, 2012.

*[signature]*

**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**